UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| AGNESS MCCURRY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:23-CV-00141-JRG-CRW |
|  | ) |  |
| BENJAMIN MCCURRY and | ) |  |
| GARY MCCURRY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff Agness McCurry filed this action, seeking to enforce affidavits of support (Form I-864) signed by her ex-husband Benjamin McCurry and his father, Gary McCurry. On August 20, 2024, the Court issued a Memorandum Opinion [Doc. 110], denying Plaintiff's motion for summary judgment, granting Defendants' cross motion for summary judgment, and dismissing this case with prejudice. The Judgment entered on August 21, 2024. [Doc. 111]. On August 22, 2024, Plaintiff filed a motion to vacate the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 113], which is now before the Court. Defendants responded in opposition. [Doc. 115].

Although Plaintiff styles her motion to vacate as one under Rule 60(b), she sought relief within the twenty-eight day window for filing a motion under Rule 59(e). Accordingly, the Court construes her motion as a Rule 59(e) motion to alter or amend the Judgment. *See Banister v. Davis*, 590 U.S. 504, 520 n.9 (2020) (citation omitted) (observing that Rule 60(b) motions filed within twenty-eight days of the judgment are commonly treated as Rule 59(e) motions); *Clarendon, Ltd. v. Foster*, No. 92-5626, 1993 U.S. App. LEXIS 23059, at *18 (6th Cir. Sep. 2, 1993) ("[A] motion filed as a Rule 60(b) motion, but filed within the time for filing a 59(e) motion, should be

entertained as a 59(e) motion."); *see also Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("A motion to vacate and reconsider, or to reverse a prior holding, may be treated as a Rule 59(e) motion to alter or amend the judgment.").[1]

For the reasons discussed below, Plaintiff's motion will be **DENIED**.

## I. FACTUAL BACKGROUND

The Court set forth the factual background related to Plaintiff's claims in its Memorandum Opinion on the parties' motions for summary judgment [Doc. 110] and incorporates those facts by reference here.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure permits the Court to alter or amend a judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation omitted). "Generally, relief under Rule 59(e) is an 'extraordinary remedy' restricted to those circumstances in which the moving party has set forth facts or law of a 'strongly convincing nature' that indicate that the court's prior ruling should be reversed." *Cummings Inc. v. BP Prods. N. Am., Inc.*, No. 3:06-0890, 2009 U.S. Dist. LEXIS 92731, at *7 (M.D. Tenn. Sep. 30, 2009). A Rule 59(e) motion should not be used to reargue a case on the merits. *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008).

## III. DISCUSSION

Moving to vacate the Judgment, Plaintiff disputes the Court's finding that her permanent residency was obtained through the Violence Against Women Act ("VAWA"). [Doc. 113].

---

[1] Rule 59(e) and Rule 60(b) provide for different motions aimed at obtaining similar relief. "[T]he standard for granting a Rule 60(b) motion is higher than the standard for a Rule 59(e) motion." *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008).

2

Specifically, she claims that (1) the Court made multiple mistakes; (2) she has newly discovered evidence; and (3) the Judgment was infected by judicial bias and Defendants' misconduct. [*Id.*]. In response, Defendants contend that Plaintiff's motion is without factual support and "frivolous on its face." [Doc. 115 at 1]. The Court agrees.

As an initial matter, the Court notes that there were two alternative bases for the Court's finding that Plaintiff obtained her permanent residency through VAWA: Plaintiff's judicial admission to that fact and the evidence of record. [Doc. 110 at 11, 15, 16]. In her motion to vacate, Plaintiff has not challenged the Court's finding that she made a judicial admission. Given that Plaintiff's judicial admission, by itself, is sufficient to establish her VAWA status, her arguments here, even if meritorious, would not result in a change to the outcome in her favor. Nevertheless, in the interest of completeness, the Court will address each of Plaintiff's arguments.

### A. Mistakes

According to Plaintiff, the Judgment should be vacated "because it contains numerous mistakes and inadvertence." [Doc. 113 at 1]. She appears to identify five purported errors.

#### 1. Attorney-filed Paperwork

First, Plaintiff claims that the Court erred by failing to recognize that her immigration paperwork filed on October 12, 2017, was submitted by the law firm Hunter, Smith, and Davis, and not by Defendants or herself. [*Id.* at 2]. Plaintiff contends that this fact matters because the Court "accused" her of completing the Application to Register Permanent Residence or Adjust Status (Form I-485) "after her VAWA was approved on June 2nd 2020." [*Id.* at 3]. She maintains that "USCIS relied on the I-485 that HSD filed on Agness behalf with the received date and priority date of October 12th 2017." [*Id.*].

3

Plaintiff has not identified an error in the Judgment. The Memorandum Opinion correctly stated that Plaintiff's original immigration paperwork was filed on October 12, 2017. [Doc. 110 at 2]. Whether that paperwork was filed by Plaintiff and Defendants personally or by attorneys acting on their behalf is immaterial. Also, the Court did not suggest that Plaintiff filed a Form I-485 in June 2020. In the passage that Plaintiff claims accuses her of this, the Memorandum Opinion simply states that Plaintiff became *eligible* for the approval of her I-485 after her VAWA self-petition (Form I-360) was approved in June 2020. [*Id.* at 3–4; Doc. 113 at 3].

Moreover, contrary to Plaintiff's suggestion, the Judgment did not rest on an assumption that Plaintiff filed a second I-485 at any time. As explained in the Memorandum Opinion, the petition underlying an I-485 can be *converted* from a Petition for Alien Relative (Form I-130) to a VAWA self-petition (Form I-360). [Doc. 110 at 14]. As a result, Plaintiff could proceed as a VAWA self-petitioner using the I-485 filed in October 2017. Indeed, Plaintiff seems to refer to this conversion process when she states, in her response in opposition to summary judgment, that USCIS "recycled" the information from her I-485. [Doc. 79 at 2].

Hence, this argument is without merit.

### 2. Subpoena Request

Second, Plaintiff quotes from the Memorandum Opinion the Court's statement that "[i]n their summary judgment filings, neither party has requested additional time in order to engage in discovery or made a showing that discovery would disclose disputed material facts." [Doc. 113 at 4; Doc. 110 at 4]. Plaintiff suggests that this statement is incorrect because she filed a motion for a subpoena of records "to prove that her green card was not under the VAWA." [Doc. 113 at 4].

4

However, as shown by the record, the Court's statement was accurate. While it is true that Plaintiff filed a motion to subpoena records [Doc. 101], that motion—which she submitted after filing a motion for the Court to expedite its summary judgment ruling [Doc. 89]—did not request additional time for discovery, ask the Court to stay its ruling on pending motions, or mention summary judgment. More importantly, the motion did not demonstrate that a subpoena would disclose material facts. Instead, Plaintiff proposed to subpoena records to show that she is an "immediate relative of a U.S. citizen," a fact already established in the record, and for that reason the Court denied her motion. This argument fails.

### 3. Domestic Violence

Next, Plaintiff asserts that the Court ignored Defendant Benjamin McCurry's status as a "domestic violence perpetrator." [Doc. 113 at 4]. Plaintiff does not explain why she believes this claim warrants vacating the Judgment. And the Court knows of no way in which Plaintiff's allegations of abuse have been improperly ignored. Indeed, the Court recognized that it was Plaintiff's status as the abused spouse of Benjamin McCurry that enabled her to pursue permanent residency through a VAWA self-petition. Hence, this argument provides no basis for relief.

### 4. VAWA Notice of Approval

Plaintiff further asserts that "[a]lthough [her] VAWA self-petition was approved it was not the basis of her permanent residency." [*Id.*]. According to Plaintiff, the "VAWA I-797 Notice of Action stated this on its face." [*Id.*]. Plaintiff may be referring to the following boilerplate language on her I-797 VAWA approval notice, which states,

> The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

5

[Doc. 81 at 3]. This language simply means that approval of Plaintiff's VAWA self-petition did not guarantee that her I-485 application for adjustment of status would be approved. Nothing in the Form I-797 Notice of Action suggests that Plaintiff's permanent residency was not based on the VAWA. On the contrary, the purpose of the notice was to inform Plaintiff that she was eligible for a change of status based on her VAWA self-petition being approved. This argument is groundless.

### 5. "Immediate Relative" Designation

In an additional allegation of error, Plaintiff claims that "[t]he final judgment should be vacated . . . because Judge Greer admitted that Agness was correct about the basis for her green card under Benjamin's I-130." [Doc. 113 at 5]. In support of this claim, she points out that the Court acknowledged she is an "immediate relative of a U.S. citizen." [*Id.*]. Plaintiff is correct that she obtained permanent residency as an immediate relative of a U.S. citizen, as shown by the I-797 notice of her change of status approval. But that fact does not prove that she obtained her green card based on the I-130 submitted by Benjamin McCurry. As explained in the Memorandum Opinion, "immediate relative of a U.S. citizen" is a category of eligibility that applies to children, spouses, and parents of a citizen of the United States. 8 U.S.C. § 1151(b)(2)(A)(i). [Doc. 110 at 13]. Alien spouses proceeding under an I-130 *and* alien spouses proceeding under an I-360 come under this category. 8 C.F.R. §§ 204.1(a)(1), (3). [*Id.*].

Here, it is clear which kind of petition formed the basis for Plaintiff's adjustment of status, since the I-797 approval notice for her adjustment of status [Doc. 3-3] and her green card [Doc. 66-2] list her class of admission as "IB6," the category of admission reserved for VAWA self-petitioners. *See Appendix 23-7 Class of Admission under the Immigrant Laws, Code*, Adjudicator's Field Manual, U.S. Dept. of Homeland Security, 160, https://www.uscis.gov/

6

sites/default/files/document/policy-manual-afm/afm23-external.pdf (last visited 10 October 2024). Plaintiff's attempt to reargue this issue does not provide a basis for relief under Rule 59(e).

**B.      Newly Discovered Evidence**

Plaintiff also claims that the Judgment should be vacated because she has two exhibits that are newly discovered evidence. [Doc. 113 at 6]. The first exhibit is a notice from Texas Health and Human Services dated July 31, 2024, informing Plaintiff that she is not eligible for SNAP Food Benefits. [Doc. 113-1]. The second exhibit consists of screen shots of Plaintiff's own text messages, which she exchanged with several acquaintances on or about July 31, 2024. [Doc. 113-2]. In the messages, Plaintiff describes a conversation that she purportedly had with a woman processing her food stamp application. [*Id.*]. According to Plaintiff's account, the woman said Benjamin McCurry was active as Plaintiff's sponsor and would have to reimburse the government for Plaintiff's food stamps.[1] [*Id.*].

To qualify as "newly discovered" under Rule 59(e), evidence must have been previously unavailable. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Evidence available to a party before judgment is not newly discovered evidence." *Woody v. Aurora Commer. Corp.*, No. 15-cv-2747-SHM-tmp, 2018 U.S. Dist. LEXIS 169842, at *3 (W.D. Tenn. June 8, 2018); *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) ("It is well-established . . . that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in [her] control prior to the original entry of judgment."). Here, the evidence Plaintiff submitted is not "newly discovered" because it was available to Plaintiff prior to the Judgment. As noted above, the notice and Plaintiff's text messages were generated on or about July 31, 2024. And Plaintiff does not allege that this evidence was unavailable to her prior to the Judgment, which was not entered until August 21, 2024.

7

Moreover, to warrant relief under Rule 59(e), newly discovered evidence "must be of such a nature as would probably produce a different result." *FDIC v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013) (citation omitted). Plaintiff's food stamp rejection notice—which contains no information about her immigration status—has no apparent relevance to this case. And the statements that Plaintiff attributes to the woman processing her food stamp application are inadmissible hearsay. *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (citation omitted) ("[H]earsay evidence cannot be considered on a motion for summary judgment."); *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir.1997) (explaining that at the summary judgment stage "inadmissible hearsay 'cannot create a genuine issue of material fact'"). Even if those statements were admissible, they would not alter the Judgment.

Given that Plaintiff's evidence is neither new nor likely to result in a change to the outcome in her favor, her exhibits do not provide a basis for altering or amending the Judgment.

### C. Bias and Misconduct

Finally, Plaintiff claims that the Judgment should be vacated due to the Court's bias and Defendants' fraud and misconduct. [*See, e.g.* Doc. 113 at 7]. In making these allegations, Plaintiff essentially argues that the Judgment represents a manifest injustice. To establish a manifest injustice under Rule 59(e), a party must identify "a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004). Here, however, Plaintiff fails to identify facts to support her conclusory allegations. Nor does she show that the Judgment was in any way flawed. The Court understands that Plaintiff is disappointed with the outcome in this case. But her dissatisfaction does not constitute a manifest injustice within the meaning of Rule 59(e). *See Patel v. Hughes*, No. 3:13-cv-00701, 2022 U.S. Dist. LEXIS

131409, at *6 (M.D. Tenn. July 25, 2022) ("Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e).") (citation omitted).

## IV.    CONCLUSION

In sum, Plaintiff has not established a clear error in law, newly discovered material evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Thus, she is not entitled to relief under Rule 59(e) and her motion to alter or amend the judgment [Doc. 113] is therefore **DENIED**.[2]

So ordered.

ENTER:

                                                                                             s/J. RONNIE GREER
                                            UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that at the end of her motion, Plaintiff requests the Court's recusal. [Doc. 113 at 8]. Plaintiff previously filed a motion for recusal [Doc. 102] which the Court denied [Doc. 104]. And Plaintiff provides no basis for the Court to reconsider that issue. Therefore, to the extent that Plaintiff moves for the Court's disqualification, her request is **DENIED**.