UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| AGNESS MCCURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-CV-00141-JRG-CRW |
| | ) | |
| BENJAMIN MCCURRY and | ) | |
| GARY MCCURRY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Agness McCurry's second motion to vacate the judgment pursuant to Rule 60(b) [Doc. 120] and related motions, demanding a ruling on the aforesaid motion [Docs. 121, 130, 140]. Defendants filed responses in opposition. [Docs. 124, 131, 133]. As discussed below, Plaintiff's motion to vacate will be **DENIED**, her related motions will be **DENIED as MOOT**, and Plaintiff will be **WARNED** regarding the possible consequences of submitting more frivolous filings in the future.

I.    BACKGROUND

On August 20, 2024, the Court entered a memorandum opinion, granting Defendants' motion for summary judgment and dismissing this action with prejudice. [Doc. 110]. The Judgment Order entered on August 21, 2024. [Doc. 111]. The following day, Plaintiff filed a motion to vacate the judgment under Rule 60(b) based on alleged errors in the Memorandum Opinion and "newly discovered" evidence. [Doc. 113].[1] Construing the motion to vacate as one

---

[1] The Court notes that Plaintiff has appealed this case to the Sixth Circuit Court of Appeals. [Doc. 117]. A pending appeal generally divests the Court of jurisdiction to grant relief. *See Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007). However, the Court retains authority to deny relief, even while an appeal is pending. Fed. R. Crim. P. 37(a)(2).

under Rule 59(e), the Court found Plaintiff's arguments to be frivolous and denied the motion on October 15, 2024. [Doc. 116]. Plaintiff now files her second motion to vacate the judgment under Rule 60(b), claiming that she has newly discovered evidence that proves she did not obtain her permanent residency under the Violence Against Women Act ("VAWA"). [Doc. 120]. Once again, her arguments are frivolous.

## II.    DISCUSSION

Under Rule 60(b), a party may seek relief from a judgment based on "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied; or (5) any other reason justifying relief from the judgment." Fed. R. Civ. P. 60(b). "Because the rule undermines finality, relief pursuant to Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'" *MTR Capital, LLC v. Lavida Massage Franchise Dev., Inc.*, No. 2:17-CV-13552-TGB-EAS, 2021 U.S. Dist. LEXIS 80258, at *4 (E.D. Mich. Apr. 27, 2021) (*citing McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir.2000).

In her Rule 60(b) motion, Plaintiff moves to vacate the Judgment based on her "discovery" of United States Citizenship and Immigration Services ("USCIS") Form I-864W.[2] According to Plaintiff, she recently learned about the form when she was researching the Violence Against Women Act ("VAWA") green card process. [Doc. 120 at 1]. She claims that since she did not file a Form I-864W—which is currently required for VAWA self-petitioners— she could not have obtained residency under the VAWA. [*Id.* at 2–4]. As an exhibit, Plaintiff provides a copy of the

---

[2] The Request for Exemption for Intending Immigrant Affidavit of Support, Form I-864W, is currently required for certain individuals who are exempt from the Form I-864 requirement, including VAWA self-petitioners. [Doc. 120-1 at 1–2].

instructions for completing the I-864W, dated December 2021, which she suggests is newly discovered evidence.[3] [Doc. 120-1].

Rule 60(b)(2) enables a litigant to seek relief from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate that: 1) she exercised due diligence in obtaining the information; and 2) the evidence is material and clearly would have produced a different result if presented before the original judgment." *In re Campo*, 418 B.R. 221, 225 (Bankr. W.D. Ky. 2009) (citing *McFall v. Patton,* 238 F.3d 422 (6th Cir. 2000)).

The I-864W Form is not newly discovered evidence. First, the form is publicly available and with reasonable diligence, Plaintiff could have discovered it prior to the Judgment. Second, the form is not material. Plaintiff fails to show that the I-864W was even in use at the time her application for adjustment of status was adjudicated in October 2020.[4] [*See* Doc. 121-1]. More importantly, Plaintiff's claim that she did not file this particular form does not negate the overwhelming evidence relied upon by the Court in the Memorandum Opinion. For example, Plaintiff continues to ignore the fact that her green card bears the designation "IB6," which is the class of admission reserved exclusively for VAWA self-petitioners. Because the Form I-864W is not newly discovered evidence, it does not provide a basis for vacating the Judgment.

In one of her motions to expedite the Court's ruling, Plaintiff also includes certain documents that she received from USCIS: (1) her full I-485 application, with the first page showing

---

[3] Plaintiff also attaches a copy of an article from the Immigrant Legal Resource Center, dated September 2022, explaining the I-864W requirement. [Doc. 120-2].

[4] The Court notes that in August 2019, the Department of Homeland Security eliminated the use of Form I-864W, only to resume its use in March 2021. *See* Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41-300 (Aug. 14, 2019); Inadmissibility on Public Charge Grounds; Implementation of Vacatur, 86 Fed. Reg. 14-221 (Mar. 15, 2021).

3

a preference category "IR6" lined out and "IB6" written in its place [Doc. 121-1]; (2) Defendant Benjamin McCurry's November 2018, letter requesting termination of his affidavit of support [Doc. 121-2]; (3) a June 2021 letter from Plaintiff to the Vermont Service Center of USCIS, identifying herself as a victim of domestic abuse and requesting that her petition be expedited [Doc. 121-3]; and (4) a September 2018 notice of attorney withdrawal from her immigration case [Doc. 121-4]. It is unclear whether Plaintiff is claiming that these documents are "newly discovered." In any event, they are not new since they are Plaintiff's own immigration documents, which could have been obtained with reasonable diligence. And Plaintiff fails to explain how they call into question the validity of the Judgment.

Plaintiff has not provided any viable basis for relief under Rule 60(b)(2). Nor has she shown that the Court made a mistake or that she is entitled to relief under any other subsection of Rule 60(b). Therefore, Plaintiff's second motion to vacate will be denied.

## III.   WARNING REGARDING FRIVOLOUS FILINGS

Finally, the Court notes that this is Plaintiff's second frivolous post-judgment motion. Since October 15, 2024, when the Court denied Plaintiff's first motion to vacate, she has submitted a flurry of frivolous filings. [*See* Docs. 118, 120, 121, 127, 130, 139, 140]. And throughout the course of this lawsuit, she has filed numerous frivolous motions and thousands of pages of unnecessary or irrelevant documents. In addition to her prolific filing in this case, Plaintiff has also filed five lawsuits in the Eastern District of Tennessee alone that have been dismissed within the last year. This kind of frivolous litigation wastes the Court's time and depletes limited resources that could be expended on non-frivolous matters. Indeed, another District Court Judge has already warned Plaintiff that if she persists with this pattern of frivolous filings, she may be deemed a

vexatious litigant. *Jones v. Wright*, No. 2:23-CV-29-TAV-CRW, 2024 U.S. Dist. LEXIS 38345, at *110–11 (E.D. Tenn. Mar. 5, 2024).

Accordingly, Plaintiff is **CAUTIONED** that if she files another frivolous motion, notice, or document of any kind into this closed case, she may face sanctions under Rule 11 of the Federal Rules of Civil Procedure, to include, but not limited to, monetary fines and restrictions on her ability to file.

Plaintiff is further **CAUTIONED** that future frivolous litigation may result in her being deemed a vexatious litigant, and as such, she will be subject to pre-filing review of any future lawsuits and/or filings into closed cases. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (holding that district courts may properly enjoin vexatious litigants from filing further actions without first obtaining leave of court).

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's second motion to vacate [Doc. 120] is **DENIED;** her motions seeking a ruling on the motion [Docs. 121, 130, 140]  are **DENIED as MOOT**; and Plaintiff is **CAUTIONED** that she may be subject to Rule 11 sanctions and/or deemed a vexatious litigant if she continues to abuse her filing privileges with this Court. The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith. As such, the Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

5